[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR MODIFICATION, POST JUDGMENT (118)
The parties' marriage was dissolved in this court on August 27, 1999 at which time their written separation agreement was ordered incorporated into the judgment. The agreement provided for joint legal custody of the minor child, Marc, born June 16, 1983. Paragraph 2.5 stated that the parties agree that the minor is of sufficient age and maturity that he be allowed to decide which parent he would live with at any given time. An older child, Philippe, was also covered by the same language until he attained majority. Quoting 2.5
 "The parent having de facto physical custody of Marc shall be responsible for his day-to-day expenses. The parties agree that they shall confer not less than quarterly by telephone and agree on what reimbursement (if any) the de facto physical custodian should receive from the non-custodial parent for Marc's reasonable and necessary expenses. In the event the parties are unable to agree, the issue may be referred to the Superior Court for the Judicial District of Stamford/Norwalk for adjudication. This paragraph does not preclude an award of child support if his or her income changes substantially."
The plaintiff's financial affidavit dated May 6, 1999 and filed at the final hearing stated "Income from Employment: None, the plaintiff is not employed." The defendant's financial affidavit dated August 27, 1999 stated "Income The defendant is currently unemployed."
The plaintiff's affidavit dated and filed August 30, 2001 states "Income A. Income from Employment: None currently. The plaintiff is CT Page 13227 self-employed, and is only paid at the end of lengthy construction projects." She testified that since the dissolution she has been renovating a home that her mother purchased as an investment project and that the work is basically completed, having taken about a year. The plaintiff and her mother agreed in writing that the plaintiff would be paid a minimum of $100,000 or half of profit from sale whichever is greater (Defendant's Exhibit B). The court notes that the writing signed by the mother is addressed "To M.H.B.LL.Corp 6/10/2000." The plaintiff lists under other assets "Net accounts receivable from plaintiff's mother for completed renovation work $50,000.00." The court concludes that the "Corp" referred to is a trade name used by the plaintiff. Therefore, the court finds that the plaintiff has earned $50,000 in a twelve month period and has an earning capacity of at least that sum. She testified that the contractor whom she employed for the rehab will be paid from the $100,000, leaving her with the amount she lists on her affidavit.
The court finds that there has been a substantial change in the financial circumstances of both parties as well as in the residence of the younger son who now resides with his mother. A modification of the child support is found needed in light of these changes. The court adopts the child support guidelines worksheet submitted by the defendant (140) as accurately reflecting the facts. The defendant is ordered to pay child support in the amount of $279 weekly, effective immediately, and the court attaches a copy of the worksheet for reference. A wage withholding order is entered. The motion was served on the defendant on April 28, 2000 pursuant to Connecticut General Statutes § 52-50, thereby reserving the right to claim retroactivity as provided in Connecticut General Statutes § 46b-86 (a). The parties filed a stipulation (123) with the court on July 17, 2000 bearing date of June 12, 2000 agreeing that any orders entered on this motion shall be retroactive to June 12, 2000 with the plaintiff reserving her right to request that the support order be retroactive to the date of service. The court finds no reason not to enforce the stipulation and orders the child support order retroactive to June 12, 2000. The defendant is allowed 30 days to clear up the arrears created by the enforcement of the stipulation.
So Ordered.
HARRIGAN, J.T.R.
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
Mother Father Custodian Madeline DeNeree Emil DeNeree [] MOTHER [ ] FATHER CT Page 13228
OTHER CUSTODIAN
Court D.N. Case No. Number of Children Stamford/Norwalk at Stamford FA 98 0168218 1
Name of Child Date of Birth Name of Child Date of Birth Marc 6/16/83
I. NET INCOME (Weekly amounts) Madeline Emil 1. Gross income (attach verification) $962 $2,589 2. Federal income tax (allowable exemptions, deductions credits) 90 253 2a. Eliminate refundable earned income credit on line 2 0 0 3. State and local income tax (allowable exempt, deductions, cr) 29 103 4. Social Security tax 60 96 4a. Mandatory retirement 0 0 5. Medicare tax 14 33 6. Health insurance premiums (other than child) 0 6 7. Mandatory union dues or fees 0 0 8. Non-arrearage payments — court ordered alimony child support 0 0 9. Imputed support obligation for qualified child 0 0 (Current spt all children/total children X #qualified children) 10. Sum of lines 2-9 $193 $491 11. Net Income (line 1 minus line 10) $769 $2,098 II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $2,870
13. Basic child support obligation (from schedule) $383
14. Check here if noncustodial parent is a low-income obligor 15. Child's health insurance premium $0 $3 16. Total current spt obligation (line 13 minus noncustodial $386 parent's line 15 amount if line 14 is checked-line 13 + line 15 total for all other cases) 17. Each parent's share of line 12 (If line 14 is checked, 26.90% 73.10% skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18) 18. Each parent's share of the total current support $104 $282 obligation (line 17 times line 16 for each parent) 19. Health insurance premium adjustment ($3) 20. Social Security dependency benefits adjustment $0 21. Sum of lines 19 and 20 (for each parent) ($3) 22. Presumptive current support amounts $279 23. Recommended current support order (Noncustodial parent $279
CT Page 13229 only. If different from line 22 amount, explain on line 47) III. UNREIMBURSED MEDICAL EXPENSE $0 $0 24. Net disposable income (line 11 plus line 23 for $1,048 $1,819 custodial parent; line 11 minus line 23 for noncustodial) 25. Each parent's share of combined net disposable income 36.55% 63.45% (each parent's line 24 divided by sum of line 24 amounts) IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $0 $0 V. ARREARAGE
27. Delinquencies on current support orders $0 28. Unpaid court-ordered arrearages 0 29. Support due for periods prior to support action (not 0 court-ordered) 30. Total arrearages $0 VI. ARREARAGE PAYMENT
31. Current support order from line 23 (or imputed support $0 obligation if there is no current support order or child is living with the obligor) 32. 20% of line 31 $0 — (if line 14 is checked, skip line 32 and go to line 37) — (if the child for whom the arrearage is owed is deceased, emancipated, or over 18, skip line 32 and go to line 39) — (if the child is living with the obligor, skip lines 33-39 and: (1) if the obligor's gross income is not more than 250% of poverty level enter $1 on line 40; OR (2) if the obligor's gross income is greater than 250% of poverty level, enter line 32 amount on line 40) 33. Obligor's line 11 amount $0 34. 55% of line 33 0 35. Line 34 minus line 31 0 36. Lesser of line 32 or line 35 (Enter here and on line 40 and 0 skip lines 37-39) 37. 10% of line 31 0 38. Greater of line 37 or $1 (Enter here and on line 40) 0 39. 50% of line 31 (Enter here and on line 40) 0 40. Recommended arrearage payment $0 (If different from line 45, explain on line 47) VII. ORDER SUMMARY
41. Current support order $279 42. Unreimbursed medical expense order $0 43. Child care contribution $0 CT Page 13230
To State To Family 44. Total arrearage $0 $0 45. Arrearage payment order $0 $0 46. Total child support award: $279 VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
Prepared By Title of Preparer Date Prepared John P. Ekberg, III Attorney for Plaintiff 8/30/2001